UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CARTER C. CASPER,<br><br>　　Plaintiff,<br><br>v.<br><br>DIRECT RECOVERY SERVICES, LLC,<br><br>　　Defendant. | CIVIL ACTION<br><br>COMPLAINT 1:18-cv-01083<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Carter C. Casper ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, Direct Recovery Services, LLC, ("Defendant," or "DRS") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas, Plaintiff resides in the Western District of Texas, and Defendant maintains significant business contacts in the Western District of Texas.

### PARTIES

4. Plaintiff is a natural person over 18-years-of-age and is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

1

5. Defendant is debt collector that holds itself out as "a member of the collection and receivables management industry."[1] Defendant is a limited liability company organized under the laws of the state of Minnesota with its principal place of business located at 115 Waterfront Drive, Two Harbors, Minnesota.

### FACTS SUPPORTING CAUSE OF ACTION

6. Before May 2018, Plaintiff defaulted on a payday loan ("subject debt").

7. Subsequently, Defendant acquired the subject debt while it was in default for the principle purpose of collecting the subject debt.

8. On or around May 2018, Defendant contacted Plaintiff's father about the subject debt, disclosed private information to Plaintiff's father, and attempted to collect the subject debt from Plaintiff's father.

9. Shortly thereafter, Defendant again attempted to contact Plaintiff's father.

10. Defendant left Plaintiff's father a voicemail offering to accept a lesser amount in order to consider the subject debt paid off.

11. Plaintiff, enraged that Defendant had disclosed sensitive information to his father and attempted to coerce his father into paying of the subject debt, called Defendant and spoke with a manager.

12. During this conversation, the manager apologized to Plaintiff for the representatives behavior, saying it was a slow week and that the representative didn't know what he was doing.

13. The phone number Defendant used to make these calls to Plaintiff's father was (612) XXX-7119.

---

[1] http://www.directrecoveryservices.com/about.html

## DAMAGES

14. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

15. Plaintiff suffered from emotional distress and mental anguish due to Defendant's unlawful attempts to collect the subject debt as Defendant disclosed sensitive information to his father.

16. Concerned about the violations of his rights and invasion of his privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts, incurring costs and expenses meeting with her attorneys.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff restates and realleges paragraphs 1 through 16 as though fully set forth herein.

18. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

19. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

20. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent medical accounts allegedly owed to a third party.

21. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

22. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

23. Defendant's communications to Plaintiff's father were made in connection with the collection of the subject debt.

24. Defendant violated 15 U.S.C. §§1692b(2), b(3), c(b), e, e(10), f, and f(1) through its unlawful debt collection practices.

### a. Violations of FDCPA § 1692b

25. Defendant violated §1692b(2) by contacting Plaintiff's father and attempting to collect Plaintiff's debt from him. Furthermore, Defendant left a voicemail on Plaintiff's father's phone attempting to negotiate a lower payment amount for the subject debt.

26. Defendant violated §1692b(3) by contacting Plaintiff's father on two separate occasions, without Plaintiff's father or Plaintiff requesting Defendant do so. Defendant called Plaintiff's father and disclosed Plaintiff's private information and attempted to collect the debt from him. At no point did Plaintiff's father invite another call. Still, Defendant attempted to contact Plaintiff's father another time, and when Plaintiff's father did not answer, Defendant left a voicemail attempting to negotiate a settlement for the subject debt.

### b. Violations of FDCPA § 1692c

27. Defendant violated §1692c(b) when it communicated with Plaintiffs father and attempted to collect the subject debt. Defendant called Plaintiff's father and attempted to collect the debt from him. It also disclosed Plaintiff's private information. Furthermore, defendant left a voicemail on Plaintiff's father's phone attempting to negotiate a settlement for the subject debt.

### c. Violations of FDCPA § 1692e

28. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the alleged debt. Defendant repeatedly contacted the wrong party seeking to collect upon a debt. Defendant even attempted to negotiate a settlement amount for the subject debt with Plaintiff's father.

### d. Violations of FDCPA § 1692f

29. Defendant violated §1692f and f(1) when it unfairly and unconscionably attempted to collect on a debt by calling Plaintiff's father knowing that the debt was not his. By doing this, Defendant attempted to browbeat Plaintiff into making a payment by maliciously attempting to embarrass him through the disclosure of private information to Plaintiff's father. Placing multiple phone calls to Plaintiff's father, and disclosing private information, is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

30. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through unconscionable methods such as contacting Plaintiff's father.

31. Upon information and belief, Defendant systematically places calls to consumer's family members in an effort to embarrass and browbeat consumers into making a payment.

32. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff CARTER C. CASPER respectfully requests that this Honorable Court:
   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
   d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: December 13, 2018 Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com